# EXHIBIT A

Case 2:23-cv-03704  Document 1-2  Filed 05/15/23  Page 2 of 38  Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 04/06/2023 03:09:41 PM.
30-2023-01317819-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** AMAZON.COM SERVICES LLC, a Delaware
*(AVISO AL DEMANDADO):* corporation; ASTON CARTER, INC., a Maryland
corporation; AEROTEK, INC., a Maryland corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** FAYMIN CHEN, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2023-01317819-CU-WT-CJC<br>Judge Martha K. Gooding |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vincent Calderone
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CALDERONE LAW FIRM
2321 Rosecrans Ave., Suite 1265, El Segundo, CA 90245                    424-348-8290

| | | | |
|---|---|---|---|
| DATE: 04/06/2023<br>*(Fecha)* DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* K. Climer | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*          K. Climer

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC, a Delware Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

Case 2:23-cv-03704   Document 1-2   Filed 05/15/23   Page 3 of 38   Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 04/06/2023 03:09:24 PM.
30-2023-01317819-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

1  VINCENT CALDERONE (State Bar No. 164672)
   CALDERONE LAW FIRM, APC
2  2321 Rosecrans Ave., Suite 1265
   El Segundo, California 90245
3  Telephone: (424) 348-8290
   vcalderone@calemploymentattorney.com
4

5  Attorneys for Plaintiff
   FAYMIN CHEN
6

7

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           FOR THE COUNTY OF ORANGE
10
                                              **Assigned for All Purposes**
11                                       )
                                         )   **Case No.**   Judge Martha K. Gooding
12  FAYMIN CHEN, an individual,          )                  30-2023-01317819-CU-WT-CJC
                                         )
13                                       )   **COMPLAINT FOR:**
               Plaintiff,               )
14                                       )   1. **RACE, NATIONAL ORIGIN
                                         )      AND/OR ANCESTRY
15  vs.                                  )      DISCRIMINATION (GOVT.
                                         )      CODE §12940, ET SEQ.)
16                                       )   2. **AGE DISCRIMINATION
    AMAZON.COM SERVICES LLC, a           )      (GOVT. CODE §12940, et seq.);
17  Delaware corporation; ASTON CARTER,  )
    INC., a Maryland corporation;        )   3. **HARASSMENT (GOVT. CODE
18  AEROTEK, INC., a Maryland            )      § 12940, et seq.)
    corporation; and DOES 1-50, inclusive,)
19                                       )   4. **RETALIATION (GOVT. CODE
                                         )      §12940, et seq.);
20             Defendants.              )
                                         )   5. **FAILURE TO PREVENT
21                                       )      HARASSMENT,
                                         )      DISCRIMINATION AND
22                                       )      RETALIATION (GOVT. CODE
                                         )      §12940, et seq.);
23                                       )
                                         )   6. **FAILURE TO REIMBURSE
24                                       )      NECESSARY BUSINESS
                                         )      EXPENSES (LABOR CODE
25                                       )      §2802;
                                         )
26                                       )   7. **WRONGFUL TERMINATION
                                         )      IN VIOLATION OF PUBLIC
27  _____ )       POLICY
                                         )
28

                                      1
                                  **COMPLAINT**

PLAINTIFF Faymin Chen alleges as follows on knowledge as to herself and her own acts, and on information and belief as to all other matters:

## I.     PARTIES

1.     At all times mentioned herein, PLAINTIFF FAYMIN CHEN (hereinafter, "PLAINTIFF") was an individual employed jointly by Defendants Amazon.com Services, LLC, (hereinafter, "AMAZON"), ASTON CARTER, INC. (hereinafter, "ASTON CARTER"), and AEROTEK, INC. (hereinafter, "AEROTEK") (collectively, "Corporate DEFENDANTS"), as a Knowledge Associate. PLAINTIFF's job was to work remotely from her home in the City of Brea and County of Orange, State of California, utilizing machine learning algorithm to improve search query on Amazon catalog. PLAINTIFF is of Chinese and Korean ancestry. PLAINTIFF was born in 1966 and was at all times relevant herein older than 40 years of age. PLAINTIFF has a Bachelor Science degree from University of California-Riverside in computer science.

2.     AMAZON was, and still is, a corporation duly organized and existing under the laws of the State of Delaware, is registered with the Secretary of State of the State of California, and is authorized to do business in the State of California.  At all times during the relevant time period of liability, AMAZON has done business throughout the State of California including within the County of Orange, including corporate offices in the City of Irvine and several warehouse/distribution sites throughout the County.

3.     ASTON CARTER, was, and still is, a corporation duly organized and existing under the laws of the State of Maryland corporation, is registered with the Secretary of State of the State of California, and is authorized to do business in the State of California.  At all times during the relevant time period of liability, ASTON CARTER has done business throughout the State of California including within the County of Orange, including maintaining offices in the City of Orange.

4.     AEROTEK, was, and still is, a corporation duly organized and existing under the laws of the State of Maryland corporation, is registered with the Secretary of State of

1   the State of California, and is authorized to do business in the State of California.  At all

2   times during the relevant time period of liability, AEROTEK has done business throughout

3   the State of California including within the County of Orange, including maintaining

4   offices in the City of Orange.

5       5.      During 2021, AEROTEK divided into three separate companies,

6   AEROTEK, ASTON CARTER, and Actalent, all staffing companies under the same

7   umbrella with different industrial focuses. During the relevant times herein, PLAINTIFF

8   reported to recruiters at both AEROTEK and ASTON CARTER. Accordingly, both

9   companies are named as defendants herein.

10      6.      Under California law, a worker assigned through a staffing service, like

11  AEROTEK and ASTON CARTER, to a contract employer, like AMAZON, is an

12  employee of each to the extent that the worker is under the control of each. See *Jimenez v.*

13  *US Continental Marketing, Inc.* (2019) 41 Cal.App.5th 189, 197-99. Insofar as AMAZON

14  had direction and control over assigning and supervising PLAINTIFF's workload, and

15  AEROTEK and ASTON CARTER had direction and control over human resources

16  matters like wages, hours, benefits, and ultimately which job assignments PLAINTIFF

17  would be submitted and considered for, each Corporate DEFENDANT exercised sufficient

18  direction and control to establish join employer status and liability for the claims raised

19  herein.

20      7.      DANUSHA MANOHAR ("MANOHAR") is an individual, who at all times

21  relevant herein was PLAINTIFF's immediate supervisor with AMAZON. PLAINTIFF is

22  informed and believes that MANOHAR was and is a resident of the State of Washington.

23  At the times relevant herein, MANOHAR was approximately 27 years of age.

24      8.      At all material times herein mentioned each of the Defendants named in the

25  caption and each Doe Defendant was an agent, employee and/or partner of the remaining

26  Defendants and, in doing the things herein alleged, was acting within the scope of such

27

28

1   agency, employment and/or partnership with the permission, authority and consent of the
2   co-Defendants.

3        9.    Each business entity of Defendants, whether corporate, partnership, joint
4   venture, unincorporated association, public entity, or other business entity of unknown
5   form, and whether named or sued by fictitious name, is and, at all times mentioned herein
6   was, in some manner involved in the ownership and/or operation of the Defendant
7   corporations herein.  Each of the individual Defendants, whether named or sued by
8   fictitious name, whether acting in an individual capacity or within or without their capacity
9   as managerial agent, servant, employee, officer, director, partner, or joint venturer of each
10   of the business entity of Defendant aforementioned in committing the acts or omissions as
11   alleged herein which resulted in damage to PLAINTIFF, is and at all times mentioned
12   herein was also in some manner involved in the ownership and/or operation of said
13   Defendant corporations if any, and in doing the things herein alleged was acting with the
14   permission and consent and/or knowledge, authorization or ratification of each of the
15   business entity Defendants mentioned above, unless otherwise stated herein.

16        10.    PLAINTIFF is ignorant of the true names and capacities of Defendants sued
17   herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such
18   fictitious names.  PLAINTIFF will amend this complaint to allege the true names and
19   capacities of said Defendants when the same has been ascertained.  PLAINTIFF is
20   informed and believes and thereon alleges that each of the fictitiously named Defendants is
21   responsible in some manner for the acts complained of herein.  Unless otherwise stated, all
22   references to named Defendants shall include the Doe Defendants as well.

23              **II.    FACTUAL ALLEGATIONS**

24        11.    In or about March 2021, PLAINTIFF was contacted and recruited by
25   AEROTEK with an opportunity to work for AMAZON in a "contract-to-hire" temporary
26   position. In this position, PLAINTIFF was informed that she would start as a knowledge
27   associate, and if she qualified, she could be permanently hired by AMAZON as a business

28

1 | analyst. PLAINTIFF accepted the position and began working for AMAZON shortly

2 | thereafter.

3 |      12.    PLAINTIFF's work for AMAZON was of high quality, such that

4 | MANOHAR asked PLAINTIFF to train other knowledge associates. PLAINTIFF never

5 | received any complaints about the quality of her work from MANOHAR. Nevertheless,

6 | PLAINTIFF began to notice discriminatory comments and treatment from MANOHAR in

7 | or about May 2021.

8 |      13.    PLAINTIFF is informed and believes, and thereupon alleges, that in or about

9 | June 4, 2021, MANOHAR told Sharon Harris, the recruiter at AEROTEK assigned to

10 | manage PLAINTIFF's employment, that PLAINTIFF was "too old and unteachable."

11 | PLAINTIFF was not aware of any conflict with MANOHAR until PLAINTIFF learned of

12 | MANOHAR's negative comments about her to AEROTEK.

13 |      14.    According to available metrics, PLAINTIFF was aware that she was more

14 | efficient than her coworkers, doing more work with more accurate results. Nonetheless,

15 | PLAINTIFF continued to be a target for negative comments from MANOHAR.

16 |      15.    In or about July 2021, PLAINTIFF is informed and believes, and thereupon

17 | alleges, MANOHAR told AEROTEK recruiter Amber Rivero that PLAINTIFF was "too

18 | old and not teachable."

19 |      16.    On September 15, 2021, PLAINTIFF made a great progress on model

20 | training project without help, Manohar was furious and initiated a Huddle call (part of

21 | Slack – the collaboration tool used at work) and stated "I feel like u stick a gun on my

22 | forehead, I feel so disrespected by old people like you who don't need my guidance."

23 |      17.    On one occasion, PLAINTIFF successfully completed a task known as an

24 | end-to-end test (from benchmarking to publishing). This is a specific test which, if the

25 | model performs well and accurate, can be immediately published to the catalog to be used

26 | in production. MANOHAR responded by telling PLAINTIFF angrily, "Never do an end-

27 |

28 |

1   to-end without telling me again." Prior to MANOHAR's angry message, there was no

2   policy or practice requiring PLAINTIFF to seek permission to do an end-to-end test.

3          18.    On July 13, 2021, on a training webinar that MANOHAR had assigned

4   PLAINTIFF to conduct, MANOHAR interrupted PLAINTIFF by shouting "Do it this way,

5   old lady. Explain to them this part first. Let me take over!"

6          19.    At one point in September 2021, PLAINTIFF complained to MANOHAR in

7   a message on the Slack app about the hostile and discriminatory treatment MANOHAR

8   was subjecting PLAINTIFF to. MANOHAR responded by blocking PLAINTIFF so that

9   PLAINTIFF could no longer send messages to MANOHAR. PLAINTIFF felt and believed

10  she was being retaliated against for raising legitimate concerns about discriminatory

11  behavior against her due to her age.

12         20.    On another occasion, in or about November 2021, when PLAINTIFF asked

13  about a promotional position (FTE Business Analyst L4) as an employee for Amazon,

14  MANOHAR told PLAINTIFF she didn't want PLAINTIFF on her team and PLAINTIFF

15  would not be promoted to business analyst; MANOHAR said that the position was only for

16  people from India and for young recent graduate. She expressed she did not like older

17  experienced people like PLAINTIFF who did not need her guidance. PLAINTIFF was

18  aware that the people on the team who were promoted were younger people or of Indian

19  heritage.

20         21.    PLAINTIFF was also retaliated against by MANOHAR by being denied

21  payment for overtime hours worked. Over the Thanksgiving holiday weekend in 2021,

22  PLAINTIFF worked several hours of overtime. MANOHAR refused to authorize the

23  payment of overtime despite the fact that PLAINTIFF had successfully completed work

24  that needed to be done. To the best of PLAINTIFF's knowledge, she was the only

25  employee for whom MANOHAR had refused overtime payment.

26

27

28

22.     In addition to her complaints to MANOHAR, which went ignored, PLAINTIFF complained to HR officials at AEROTEK and ASTON CARTER about discrimination, harassment, and retaliation.

23.     On or about September 24, 2021, PLAINTIFF contacted HR specialist Mary Cometa at AEROTEK to complain about MANOHAR's discriminatory treatment toward PLAINTIFF due to her age. Cometa told PLAINTIFF that she would investigate PLAINTIFF's claims and get back to her. Cometa also passed her complaint to AMAZON. However, to PLAINTIFF's knowledge neither an adequate investigation was conducted nor was she informed of the results or conclusions of the investigation.

24.     On the morning of October 22, 2021, PLAINTIFF received an email from Cometa saying if PLAINTIFF did not contact Cometa by 4 p.m. that day, PLAINTIFF was being removed from her assignment at AMAZON. PLAINTIFF called HR specialist Cindy Parker at AEROTEK and informed her that Cometa had threatened her job. Parker assured PLAINTIFF that she was not going to be taken off the assignment.

25.     Prior to PLAINTIFF's reporting harassment and discrimination in September 2021, MANOHAR had been in talks with Aerotek about extending the contract for the team to December 31, 2021, and about converting some contractors to full time FTE at Amazon as Business Analyst.

26.     During October 2021, PLAINTIFF contacted the Equal Employment Opportunity Commission and in December 2021 was interviewed about her complaints about discrimination, harassment, and retaliation. To PLAINTIFF's knowledge, the EEOC closed the case without taking any action against any of the Corporate Defendants.

27.     On or about November 11, 2021, MANOHAR rejected PLAINTIFF's request to promote her to permanent FTE at AMAZON as Business Analyst. She also would not extend her contract again.

28.     On or about November 16, 2021, PLAINTIFF contacted AMAZON human resources to complain about MANOHAR's discrimination, harassment, and retaliation.

PLAINTIFF received a response from Courtney Richardson, HR Partner at AMAZON. In it, Richardson responded that PLAINTIFF was a contingency employee and should contact AEROTEK, which she had already done so since September and October 2021, and was only trying to follow up as she was not provided with information concerning the investigation. Unfortunately, as PLAINTIFF understood, AMAZON did not conduct any investigation as to the discriminatory and/or harassing conduct in the workplace.

29.     On or about December 21, 2021, AEROTEK recruiter Cindy Parker confirmed to PLAINTIFF that her contract with AMAZON would not be renewed and that her last day would be December 31, 2021. PLAINTIFF believes that this adverse employment action was substantially motivated by Defendants' retaliatory and discriminatory motive.

30.     Since leaving AMAZON, PLAINTIFF has been denied opportunities for employment with AMAZON despite many vacancies for which PLAINTIFF is eminently qualified. Further, AEROTEK retaliated against PLAINTIFF by refusing to place her on the next assignment. This is contrary to its policies which states that after the ending of an assignment, the contractor will be on priority ready-to-work list for next assignment.

31.     As a result of the unlawful conduct by Defendants and Does 1-50 as set forth in this Complaint, PLAINTIFF has suffered and continues to suffer economic damages, serious emotional suffering and damages, and other damages as will be proved at the time of trial.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

32.     Prior to the institution of this lawsuit, Plaintiff's attorney, Calderone Law Firm, filed a verified complaint on behalf of Plaintiff with the California Department of Fair Employment and Housing ("DFEH") now referred to as the Civil Rights Department using the DFEH online system, pursuant to Government Code section 12900 et seq., alleging that the acts described in this complaint violated the Fair Employment and Housing Act ("FEHA"). Prior to the Complaint being submitted using the DFEH online

**COMPLAINT**

system, Plaintiff verified the contents of the complaint and gave her attorneys permission

to submit the verified complaint on her behalf to the DFEH. The complaint was verified by

Plaintiff pursuant to Government Code 12900 et seq. The DFEH issued "right to sue"

letter, a copy of which is attached hereto marked as Exhibit "A." Therefore, all conditions

precedent to the institution of this lawsuit have been fulfilled.

## IV.

## FIRST CAUSE OF ACTION

Race, National Origin, and/or Ancestry Discrimination in Violation of California's Fair

Employment and Housing Act

(Govt. Code § 12940, et seq.)

(Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

33.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through
32, inclusive, of this Complaint as though fully set forth herein.

34.    Corporate DEFENDANTS and Does 1-50 are subject to the laws of the State
of California and are entities subject to suit under the FEHA for race, national origin, and
ancestry discrimination because they are employers who regularly employ five (5) or more
persons.

35.    At all relevant times, PLAINTIFF was an employee of DEFENDANTS and
Does 1-50, and was at all times qualified for the position. PLAINTIFF is of Chinese and
Korean heritage.

36.    The FEHA prohibits unlawful discrimination based on race, national origin,
or ancestry. California Government Code Section 12940 (a) provides it is an unlawful
employment practice "[f]or an employer, because of the race … national origin, [or]
ancestry … of any person … to discharge the person from employment … or to
discriminate against the person in compensation or in terms, conditions or privileges of
employment."

37.   DEFENDANTS and Does 1-50 subjected PLAINTIFF to adverse employment actions based on her race, national origin and/or or ancestry including, but not limited to, severe and pervasive harassment of PLAINTIFF in her employment because of her protected category including but not limited to telling her that she would never be promoted to business analyst because MANOHAR preferred younger people and people of Indian heritage on her team.  PLAINTIFF was also denied promotion and her contract was not extended as normally done for an employee with her performance record.

38.   PLAINTIFF repeatedly complained about the severe and pervasive racial discrimination and harassment she faced from MANOHAR, including complaints directly to MANOHAR as well as human resources agents at each of the Corporate DEFENDANTS, but received no reprieve from the abusive treatment.

39.   PLAINTIFF's Chinese-Korean heritage was a substantially motivating reason for the above described conduct by DEFENDANTS and Does 1-50.

40.   As a proximate result of DEFENDANTS' and Does 1-50's wrongful conduct and intentional discriminatory actions, PLAINTIFF has lost earnings and employment benefits, and suffered damages for which she seeks to be made whole, the exact amount of which will be proven at trial.

41.   As a further proximate result of DEFENDANTS' and Does 1-50's wrongful conduct and intentional discriminatory actions, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious emotional distress.  The amount of such damages will be proven at trial.

42.   PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's acts were carried out by its managerial employees, officers and directors, and were directed or ratified by DEFENDANTS and Does 1-50 with a conscious disregard for PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling

1   PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an

2   example of DEFENDANTS.

3        43.    The California <u>Government Code</u> Section 12965(b) provides for an award of

4   reasonable attorneys' fees and costs incurred by the prevailing party in an action brought

5   under its terms.  PLAINTIFF has employed and will continue to employ attorneys for the

6   initiation and prosecution of this action.  PLAINTIFF has incurred and will continue to

7   incur attorneys' fees and costs herein and is entitled to an award of attorneys' fees and

8   costs.

9                    **V.    SECOND CAUSE OF ACTION**

10   Age Discrimination in Violation of California's Fair Employment and Housing Act

11                    (Govt. Code § 12940, et seq.)

12   (Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

13        44.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through

14   32, inclusive, of this Complaint as though fully set forth herein.

15        45.    Corporate DEFENDANTS and Does 1-50 are subject to the laws of the State

16   of California and are entities subject to suit under the FEHA for age discrimination

17   because they are employers who regularly employ five (5) or more persons.

18        46.    At all relevant times, PLAINTIFF was an employee of Corporate

19   DEFENDANTS and Does 1-50, and was at all times qualified for the position.

20   PLAINTIFF was 54 and/or 55 years of age during adverse employment actions.

21        47.    The FEHA prohibits unlawful discrimination based on age.  California

22   <u>Government Code</u> Section 12940 (a) provides it is an unlawful employment practice "[f]or

23   an employer, because of the ... age . . . of any person . . . to discharge the person from

24   employment . . . or to discriminate against the person in compensation or in terms,

25   conditions or privileges of employment."

26        48.    DEFENDANTS and Does 1-50 subjected PLAINTIFF to adverse

27   employment actions based on her age including, but not limited to, severe and pervasive

28

                              11
                         **COMPLAINT**

1  harassment of PLAINTIFF employment because of her age, including but not limited to

2  publicly calling her "old lady" and "too old and unteachable" and telling her that she

3  would not be promoted because MANOHAR preferred younger employees on her team.

4      49.    PLAINTIFF was in fact denied promotion and hiring in favor of younger

5  coworkers.

6      50.    PLAINTIFF repeatedly complained about the severe and pervasive age

7  discrimination and harassment she faced from MANOHAR, including complaints directly

8  to MANOHAR as well as human resources agents at each of the Corporate

9  DEFENDANTS, but received no reprieve from the abusive treatment.

10     51.    PLAINTIFF's age was a substantially motivating reason for the above-

11  described conduct by DEFENDANTS and Does 1-50.

12     52.    As a proximate result of DEFENDANTS' and Does 1-50's wrongful conduct

13  and intentional discriminatory actions, PLAINTIFF has lost earnings and employment

14  benefits, and suffered damages for which she seeks to be made whole, the exact amount of

15  which will be proven at trial.

16     53.    As a further proximate result of DEFENDANTS' and Does 1-50's wrongful

17  conduct and intentional discriminatory actions, PLAINTIFF has suffered and continues to

18  suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious emotional

19  distress.  The amount of such damages will be proven at trial.

20     54.    PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's

21  acts were carried out by its managerial employees, officers and directors, and were

22  directed or ratified by DEFENDANTS and Does 1-50 with a conscious disregard for

23  PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to

24  constitute oppression, fraud, or malice under California Civil Code Section 3294, entitling

25  PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an

26  example of DEFENDANTS.

27

28

55.   The California Government Code Section 12965(b) provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its terms.  PLAINTIFF has employed and will continue to employ attorneys for the initiation and prosecution of this action.  PLAINTIFF has incurred and will continue to incur attorneys' fees and costs herein and is entitled to an award of attorneys' fees and costs.

## VI.   THIRD CAUSE OF ACTION

Harassment in Violation of California's Fair Employment and Housing Act

(Govt. Code § 12940, et seq.)

(Against DEFENDANTS AMAZON, ASTON CARTER, AEROTEK, and Does 1-50)

56.   PLAINTIFF realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

57.   Corporate DEFENDANTS and Does 1-50 are subject to the laws of the State of California and are entities subject to suit under the FEHA for harassment because they are employers who regularly employ one (1) or more persons.

58.   At all relevant times, PLAINTIFF was an employee of DEFENDANTS and Does 1-50, and was at all times qualified for the position.

59.   The FEHA prohibits harassment of employees in protected classes. California Government Code Section 12940(j)(1) provides it is an unlawful employment practice "[f]or an employer ... because of ... age... to harass an employee ... or a person providing services pursuant to a contract."

60.   California Government Code Section 12940(j)(3) provides, "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Therefore, MANOHAR as an employee of AMAZON is individually liable for his harassing conduct towards PLAINTIFF.

13
**COMPLAINT**

1    61.    DEFENDANTS and Does 1-50 subjected PLAINTIFF to severe and

2 pervasive harassment because of her age, including but not limited to publicly calling her

3 "old lady" and "too old and unteachable" and telling her that she would not be promoted

4 because MANOHAR preferred younger employees on her team, and otherwise singling

5 her out due to her being older than her coworkers.

6    62.    PLAINTIFF repeatedly complained about the severe and pervasive age

7 discrimination and harassment she faced from MANOHAR, including complaints directly

8 to MANOHAR as well as human resources agents at each of the Corporate

9 DEFENDANTS, but received no reprieve from the abusive treatment.

10    63.    PLAINTIFF's age was a substantially motivating reason for the above-

11 described conduct by DEFENDANTS and Does 1-50.

12    64.    DEFENDANTS subjected PLAINTIFF to harassment based on her age.

13 DEFENDANTS violated FEHA by the following acts and omissions:

14    (a)    subjecting PLAINTIFF to harassing conduct because of her age;

15    (b)    failing to take a reasonable step to prevent or stop harassment and

16        discrimination from occurring; and

17    (c)    failing to implement remedial measures to deter harassment and

18        discrimination following DEFENDANT's knowledge of the harassing conduct.

19    65.    Corporate Defendants are strictly liable for the harassing conduct of

20 MANOHAR towards PLAINTIFF under the FEHA because he was PLAINTIFF'S

21 supervisor when the unlawful conduct was committed.

22    66.    As a proximate result of DEFENDANTS' and Does 1-50's wrongful

23 conduct, PLAINTIFF has lost earnings and employment benefits, and suffered damages

24 for which she seeks to be made whole, the exact amount of which will be proven at trial.

25    67.    As a further proximate result of DEFENDANTS' and Does 1-50's wrongful

26 conduct and intentional discriminatory actions, PLAINTIFF has suffered and continues to

27

28

14
COMPLAINT

1   suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious emotional

2   distress.  The amount of such damages will be proven at trial.

3       68.    PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's

4   acts were carried out by its managerial employees, officers and directors, and were

5   directed or ratified by DEFENDANTS and Does 1-50 with a conscious disregard for

6   PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to

7   constitute oppression, fraud, or malice under California Civil Code Section 3294, entitling

8   PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an

9   example of DEFENDANTS.

10      69.    The California Government Code Section 12965(b) provides for an award of

11  reasonable attorneys' fees and costs incurred by the prevailing party in an action brought

12  under its terms.  PLAINTIFF has employed and will continue to employ attorneys for the

13  initiation and prosecution of this action.  PLAINTIFF has incurred and will continue to

14  incur attorneys' fees and costs herein and is entitled to an award of attorneys' fees and

15  costs.

16              **VII.   FOURTH CAUSE OF ACTION**

17         Retaliation In Violation of California's Fair Employment And Housing Act

18                        (Govt. Code § 12940, et seq.)

19      (Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

20      70.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through

21  32, inclusive, of this Complaint as though fully set forth herein.

22      71.    DEFENDANTS and Does 1-50 are subject to the laws of the State of

23  California and are entities subject to suit under the FEHA for retaliation because they are

24  employers who regularly employ five (5) or more persons.

25      72.    At all relevant times, PLAINTIFF was an employee of DEFENDANTS and

26  Does 1-50, and was at all times qualified for the position.

27

28
                                    15
                              **COMPLAINT**

73.     The FEHA prohibits retaliation against employees who complain about or otherwise oppose discrimination and harassment under FEHA.  California <u>Government Code</u> Section 12940 (h) provides it is an unlawful employment practice "[f]or an employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

74.     PLAINTIFF repeatedly complained about the severe and pervasive race, ancestry, national origin, and age discrimination and harassment she faced from MANOHAR, including complaints directly to MANOHAR as well as human resources agents at each of the Corporate DEFENDANTS, but received no reprieve from the abusive treatment.

75.     DEFENDANTS retaliated against PLAINTIFF by engaging in a series of violations large and small, including public humiliations, including denying her overtime pay, denying her promotion and hiring to full-time employment, publicly calling her "old lady" and "too old and unteachable," and otherwise singling her out for derogatory treatment. DEFENDANTS also retaliated against PLAINTIFF by blocking her from getting any other positions that she qualified for and by refusing to put her on next assignment.

76.     PLAINTIFF complained about these acts of retaliation to DEFENDANTS' HR and employee relations staff on many occasions. PLAINTIFF's complaints did not result in any action being taken against her tormenters.

77.     As a proximate result of DEFENDANTS' and Does 1-50's wrongful conduct and intentional acts, PLAINTIFF has lost earnings and employment benefits, and suffered damages for which she seeks to be made whole, the exact amount of which will be proven at trial.

78.     As a further proximate result of DEFENDANTS' and Does 1-50's wrongful conduct, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment,

1 humiliation, mental anguish, and serious emotional distress.  The amount of such damages

2 will be proven at trial.

3      79.    PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's

4 acts were carried out by its managerial employees, officers and directors, and were

5 directed or ratified by DEFENDANTS and Does 1-50 with a conscious disregard for

6 PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to

7 constitute oppression, fraud, or malice under California <u>Civil Code</u> Section 3294, entitling

8 PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an

9 example of DEFENDANTS.

10      80.    The California <u>Government Code</u> Section 12965(b) provides for an award of

11 reasonable attorneys' fees and costs incurred by the prevailing party in an action brought

12 under its terms.  PLAINTIFF has employed and will continue to employ attorneys for the

13 initiation and prosecution of this action.  PLAINTIFF has incurred and will continue to

14 incur attorneys' fees and costs herein and is entitled to an award of attorneys' fees and

15 costs.

16 **VIII.  FIFTH CAUSE OF ACTION**

17 Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of California's

18 Fair Employment and Housing Act

19 (Govt. Code § 12940, et seq.)

20 (Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

21      81.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through

22 32, inclusive, of this Complaint as though fully set forth herein.

23      82.    DEFENDANT and Does 1-50 are subject to the laws of the State of

24 California and are entities subject to suit under the FEHA for failure to prevent

25 harassment, discrimination, and retaliation because they are employers who regularly

26 employ five (5) or more persons.

27

28

83.   At all relevant times, PLAINTIFF was an employee of DEFENDANTS and Does 1-50, was at all times qualified for the position.

84.   The FEHA requires employers to take reasonable steps to prevent harassment, discrimination, and retaliation.  California Government Code Section 12940 (k) provides it is an unlawful employment practice "[f]or an employer … to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

85.   Throughout her employment with DEFENDANTS, PLAINTIFF suffered severe and pervasive harassment, discrimination, and retaliation based on her race, ancestry, national origin, and age. This unlawful abuse took the form of being publicly called "old lady," "too old" and otherwise singled out for being older than the other employees, being denied promotion and hiring, being denied overtime pay, and otherwise being singled out for negative treatment. PLAINTIFF'S supervisor told her she preferred younger people and people from India on her team.  PLAINTIFF was also denied promotion and her contract was not extended as normally done for an employee with her performance record.

86.   PLAINTIFF complained about these acts of harassment, discrimination, and retaliation to DEFENDANTS' HR and employee relations staff on many occasions. PLAINTIFF's complaints did not result in any action being taken against her primary tormenter, MANOHAR. To PLAINTIFF's knowledge, the only person who was threatened with discipline due to PLAINTIFF's complaints was PLAINTIFF herself.

87.   As a proximate result of DEFENDANTS' and Does 1-50's wrongful conduct in failing and/or refusing to take all reasonable steps to prevent harassment, discrimination, and retaliation, PLAINTIFF has lost earnings and employment benefits, and suffered damages for which she seeks to be made whole, the exact amount of which will be proven at trial.

88.   As a further proximate result of DEFENDANTS' and Does 1-50's wrongful conduct, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment,

1  humiliation, mental anguish, and serious emotional distress.  The amount of such damages

2  will be proven at trial.

3        89.    PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's

4  acts were carried out by its managerial employees, officers and directors, and were

5  directed or ratified by DEFENDANTS and Does 1-50 with a conscious disregard for

6  PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to

7  constitute oppression, fraud, or malice under California Civil Code Section 3294, entitling

8  PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an

9  example of DEFENDANTS.

10        90.    The California Government Code Section 12965(b) provides for an award of

11  reasonable attorneys' fees and costs incurred by the prevailing party in an action brought

12  under its terms.  PLAINTIFF has employed and will continue to employ attorneys for the

13  initiation and prosecution of this action.  PLAINTIFF has incurred and will continue to

14  incur attorneys' fees and costs herein and is entitled to an award of attorneys' fees and

15  costs.

16            **IX.    SIXTH CAUSE OF ACTION**

17            Failure to Reimburse Necessary Business Expenses

18                  (Labor Code §2802)

19    (Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

20        91.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through

21  31, inclusive, of this Complaint as though fully set forth herein.

22        92.    California Labor Code Section 2802(a) states, "An employer shall indemnify

23  his or her employee for all necessary expenditures or losses incurred by the employee in

24  direct consequence of the discharge of his or her duties."

25        93.    PLAINTIFF was always required to work from her own home, using her

26  personal mobile phone and her home internet service to conduct her work.

27

28

94.    PLAINTIFF paid for her mobile phone and her home internet service out of her own pocket. DEFENDANTS never compensated PLAINTIFF for these expenses, though having a mobile phone and home internet service were necessary to discharge her duties.

95.    As a result of DEFENDANTS' failure to reimburse her for these expenses, PLAINTIFF suffered harm in an amount to be determined at trial.

96.    Labor Code §2802(c) provides that PLAINTIFF is entitled to reimbursement for attorney fees incurred in enforcing her right to reimbursement for her business expenses.

## X.    SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against DEFENDANTS AMAZON, AEROTEK, ASTON CARTER and Does 1-50)

97.    PLAINTIFF realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

98.    DEFENDANT and Does 1-50 terminated PLAINTIFF in retaliation for her complaints about harassment, discrimination, and retaliation she faced due to her race, ancestry, national origin, and age.

99.    In doing so, DEFENDANT and Does 1-50 violated of the public policy set forth in the California Fair Employment and Housing Act, Government Code Section 12900, *et seq.*, which prohibits discrimination against employees based on race, ancestry, national origin, and age, and which prohibits retaliation against employees who complain about facing harassment, discrimination, and retaliation.

100.    As a proximate result of DEFENDANTS' and Does 1-50's wrongful conduct described above, PLAINTIFF has lost earnings and employment benefits, and suffered damages for which she seeks to be made whole, the exact amount of which will be proven at trial.

**COMPLAINT**

1    101.    As a further proximate result of DEFENDANTS' and Does 1-50's wrongful
2    conduct described above, PLAINTIFF has suffered and continues to suffer anxiety, worry,
3    embarrassment, humiliation, mental anguish, and emotional distress.  The amount of
4    damages of which will be proven at trial.

5    102.    PLAINTIFF is informed and believes that DEFENDANTS' and Does 1-50's
6    acts were carried out by its managerial employees, officers and directors, and were
7    directed or ratified by DEFENDANTS and DOES 1-50 with a conscious disregard of
8    PLAINTIFF's rights and with the intent to vex, injure, and annoy PLAINTIFF, such as to
9    constitute oppression, fraud or malice under California Civil Code Section 3294, entitling
10   PLAINTIFF to punitive damages in a sum appropriate and sufficient to punish and set an
11   example of DEFENDANTS and Does 1-50.

12   WHEREFORE, PLAINTIFF prays for judgment as set forth below.

13   ### PRAYER FOR RELIEF

14   1. For general damages, according to proof on each cause of action for which such
15   damages are available;

16   2. For special damages, according to proof on each cause of action for which such
17   damages are available;

18   3. For compensatory damages, according to proof on each cause of action for which
19   such damages are available;

20   4. For punitive damages, according to proof or each cause of action for which such
21   damages are available;

22   5. For pre-judgement and post-judgement interest according to law;

23   6. For reasonable attorneys' fees incurred in this action on those causes of action for
24   which such fees are recoverable under the law;

25   7. For costs of suit incurred in this action; and

26   8. For such other and further relief as the Court deems proper and just.

27

28

21
**COMPLAINT**

1    **PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CAUSES OF**
2    **ACTION ALLEGED HEREIN.**
3
4    Dated: April 6, 2023                              CALDERONE LAW FIRM
5
6                                                       By: *Vincent Calderone*
7                                                       Vincent Calderone
                                                        Attorneys for PLAINTIFF, Faymin Chen
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                               KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

April 5, 2023


Vincent Calderone
2321 Rosecrans Ave., Suite 1265
El Segundo, CA 90245

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202303-20047323
       Right to Sue: Chen / Amazon.Com Services LLC et al.

Dear Vincent Calderone:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

April 5, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202303-20047323
Right to Sue: Chen / Amazon.Com Services LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

April 5, 2023

Faymin Chen
2321 Rosecrans Ave., Suite 1265
El Segundo,  90245

RE:   **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202303-20047323
       Right to Sue: Chen / Amazon.Com Services LLC et al.

Dear Faymin Chen:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective April 5, 2023 because an immediate Right
to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Faymin Chen

CRD No. 202303-20047323

Complainant,

vs.

Amazon.Com Services LLC

Aston Carter, Inc.

Aerotek, Inc.

Respondents

1. Respondent **Amazon.Com Services LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Aston Carter, Inc.** business as Co-Respondent(s). Complainant is naming **Aerotek, Inc.** business as Co-Respondent(s).

3. Complainant **Faymin Chen**, resides in the City of **El Segundo**, State of .

4. Complainant alleges that on or about **December 31, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over).

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), age (40 and over), race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, denied hire or promotion, denied work opportunities or assignments.

Date Filed: April 5, 2023

CRD-ENF 80 RS (Revised 12/22)

1   **Complainant experienced retaliation** because complainant reported or resisted any form
    of discrimination or harassment and as a result was terminated, denied hire or promotion.

2

3   **Additional Complaint Details:** Complainant Faymin Chen ("MS. CHEN") is of Chinese and
    Korean heritage and was over 50 at the time of the adverse actions. She was directly

4   employed by Respondents Aerotek, Inc. ("AEROTEK") and Aston Carter, Inc. ("ASTON
    CARTER") and joint employer AMAZON.COM SERVICES LLC ("AMAZON").

5   In or about March 2021, MS. CHEN was contacted and recruited by AEROTEK with an
    opportunity to work for AMAZON in a "contract-to-hire" temporary position. In this position,

6   MS. CHEN was informed that she would start as a knowledge associate, and if she
    qualified, she could be permanently hired by AMAZON as a business analyst. MS. CHEN

7   accepted the position and began working for AMAZON shortly thereafter.

8   MS. CHEN's work for AMAZON was of high quality, such that MANOHAR asked MS. CHEN
    to train other knowledge associates. MS. CHEN never received any complaints about the

9   quality of her work from MANOHAR. Nevertheless, MS. CHEN began to notice
    discriminatory comments and treatment from MANOHAR in or about May 2021.

10  MS. CHEN is informed and believes, and thereupon alleges, that in or about June 4, 2021,
    MANOHAR told Sharon Harris, the recruiter at AEROTEK assigned to manage MS. CHEN's

11  employment, that MS. CHEN was "too old and unteachable." MS. CHEN was not aware of
    any conflict with MANOHAR until MS. CHEN learned of MANOHAR's negative comments

12  about her to AEROTEK.

13  According to available metrics, MS. CHEN was aware that she was more efficient than her
    coworkers, doing more work with more accurate results. Nonetheless, MS. CHEN continued

14  to be a target for negative comments from MANOHAR.

15  On July 13, 2021, on a training webinar that MANOHAR had assigned MS. CHEN to
    conduct, MANOHAR interrupted MS. CHEN by shouting "Do it this way, old lady. Explain to

16  them this part first. Let me take over!"

17  In or about July 2021, MS. CHEN is informed and believes, and thereupon alleges,
    MANOHAR told AEROTEK recruiter Amber Rivero that MS. CHEN was "too old and not

18  teachable."

19  On September 15, 2021, MS. CHEN made a great progress on model training project
    without help, Manohar was furious and initiated a Huddle call (part of Slack – the
    collaboration tool used at work) and stated "I feel like u stick a gun on my forehead, I feel so

20  disrespected by old people like you who don't need my guidance."

21  On one occasion, MS. CHEN successfully completed a task known as an end-to-end test
    (from benchmarking to publishing). This is a specific test which, if the model performs well
    and accurate, can be immediately published to the catalog to be used in production.

22  MANOHAR responded by telling MS. CHEN angrily, "Never do an end-to-end without telling
    me again." Prior to MANOHAR's angry message, there was no policy or practice requiring

23  MS. CHEN to seek permission to do an end-to-end test.
    At one point in September 2021, MS. CHEN complained to MANOHAR in a message on the

24  Slack app about the hostile and discriminatory treatment MANOHAR was subjecting MS.
    CHEN to. MANOHAR responded by blocking MS. CHEN so that MS. CHEN could no longer
    send messages to MANOHAR. MS. CHEN felt and believed she was being retaliated

25

26                                                        -2-
                                    Complaint -- CRD No. 202303-20047323

27  Date Filed: April 5, 2023

28
                                                                    CRD-ENF 80 RS (Revised 12/22)

1  against for raising legitimate concerns about discriminatory behavior against her due to her age,

2  On another occasion, in or about November 2021, when MS. CHEN asked about a promotional position (FTE Business Analyst L4) as an employee for Amazon, MANOHAR

3  told MS. CHEN she didn't want MS. CHEN on her team and MS. CHEN would not be promoted to business analyst; MANOHAR said that the position was only for people from

4  India and for young recent graduate. She expressed she did not like older experienced people like MS. CHEN who did not need her guidance. MS. CHEN was aware that the

5  people on the team who were promoted were younger people or of Indian heritage.

6  MS. CHEN was also retaliated against by MANOHAR by being denied payment for overtime hours worked. Over the Thanksgiving holiday weekend in 2021, MS. CHEN worked several

7  hours of overtime. MANOHAR refused to authorize the payment of overtime despite the fact that MS. CHEN had successfully completed work that needed to be done. To the best of

8  MS. CHEN's knowledge, she was the only employee for whom MANOHAR had refused overtime payment.

9  In addition to her complaints to MANOHAR, which went ignored, MS. CHEN complained to HR officials at AEROTEK and ASTON CARTER about discrimination, harassment, and

10  retaliation.

   On or about September 24, 2021, MS. CHEN contacted HR specialist Mary Cometa at

11  AEROTEK to complain about MANOHAR's discriminatory treatment toward MS. CHEN due to her age. Cometa told MS. CHEN that she would investigate MS. CHEN's claims and get

12  back to her. Cometa also passed her complaint to AMAZON. However, to MS. CHEN's knowledge neither an adequate investigation was conducted nor was she informed of the

13  results or conclusions of the investigation.

   On the morning of October 22, 2021, MS. CHEN received an email from Cometa saying if

14  MS. CHEN did not contact Cometa by 4 p.m. that day, MS. CHEN was being removed from her assignment at AMAZON. MS. CHEN called HR specialist Cindy Parker at AEROTEK

15  and informed her that Cometa had threatened her job. Parker assured MS. CHEN that she was not going to be taken off the assignment.

16  Prior to MS. CHEN's reporting harassment and discrimination in September 2021,

17  MANOHAR had been in talks with Aerotek about extending the contract for the team to December 31, 2021, and about converting some contractors to full time FTE at Amazon as

18  Business Analyst.

   During October 2021, MS. CHEN contacted the Equal Employment Opportunity Commission

19  and in December 2021 was interviewed about her complaints about discrimination, harassment, and retaliation. To MS. CHEN's knowledge, the EEOC closed the case without

20  taking any action against any of the Corporate Defendants.

   On or about November 11, 2021, MANOHAR rejected MS. CHEN's request to promote her

21  to permanent FTE at AMAZON as Business Analyst. She also would not extend her contract again.

22  On or about November 16, 2021, MS. CHEN contacted AMAZON human resources to complain about MANOHAR's discrimination, harassment, and retaliation. MS. CHEN

23  received a response from Courtney Richardson, HR Partner at AMAZON. In it, Richardson responded that MS. CHEN was a contingency employee and should contact AEROTEK,

24  which she had already done so since September and October 2021, and was only trying to follow up as she was not provided with information concerning the investigation.

25

26                                                   -3-
                              Complaint – CRD No. 202303-20047323
27
   Date Filed: April 5, 2023
28
                                                                        CRD-ENF 80 RS (Revised 12/22)

1    Unfortunately, as MS. CHEN understood, AMAZON did not conduct any investigation as to
     the discriminatory and/or harassing conduct in the workplace.
2    On or about December 21, 2021, AEROTEK recruiter Cindy Parker confirmed to MS. CHEN
     that her contract with AMAZON would not be renewed and that her last day would be
3    December 31, 2021. MS. CHEN believes that this adverse employment action was
     substantially motivated by Defendants' retaliatory and discriminatory motive.
4    Since leaving AMAZON, MS. CHEN has been denied opportunities for employment with
     AMAZON despite many vacancies for which MS. CHEN is eminently qualified. Further,
5    AEROTEK retaliated against MS. CHEN by refusing to place her on the next assignment.
     This is contrary to its policies which states that after the ending of an assignment, the
6    contractor will be on priority ready-to-work list for next assignment.
7    Respondents subjected Ms. Chen to adverse employment actions based on her age, race,
     national origin and/or or ancestry including, but not limited to, severe and pervasive
8    harassment of MS. CHEN in her employment because of her protected category including
     but not limited to telling her that she would never be promoted to business analyst because
9    MANOHAR preferred younger people and people of Indian heritage on her team.  MS.
     CHEN was also denied promotion and her contract was not extended as normally done for
10   an employee with her performance record.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                             -4-
                            *Complaint – CRD No. 202303-20047323*
27
     Date Filed: April 5, 2023
28

                                                          CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Faymin Chen**, am the **Complainant** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and
4  belief, and as to those matters, I believe it to be true.

5  On April 5, 2023, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.
6

7                                                                **Brea, California**

8

9
                  *faymin chen*
10               faymin chen (Apr 5, 2023 20:05 PDT)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -5-
                         *Complaint – CRD No. 202303-20047323*
27
   Date Filed: April 5, 2023
28
                                                         CRD-ENF 80 RS (Revised 12/22)

CM-010

Electronically Filed by Superior Court of California, County of Orange, 04/06/2023 03:09:29 PM.
30-2023-01317819-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K Palmer, Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Vincent Calderone                                               SBN: 164672
CALDERONE LAW FIRM
2321 Rosecrans Ave., Suite 1265, El Segundo, CA 90245
TELEPHONE NO.: 424-348-8290       FAX NO. *(Optional):*
E-MAIL ADDRESS: vcalderone@calemploymentattorney.com
ATTORNEY FOR *(Name):* Plaintiff Faymin Chen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: Chen v. Amazon.com Services LLC et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2023-01317819-CU-WT-CJC |
| | | | JUDGE: Judge Martha K. Gooding | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/06/2023

Vincent Calderone
_____
(TYPE OR PRINT NAME)

▶ *Vincent Calderone*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| Secretary of State **Statement of Information** (Limited Liability Company) | **LLC-12** |
|---|---|

21-G73962

# FILED

In the office of the Secretary of State
of the State of California

**DEC 29, 2021**

This Space For Office Use Only

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

AMAZON.COM SERVICES LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 202001010303 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>410 Terry Avenue North | Seattle | WA | 98109 |
| b. Mailing Address of LLC, if different than item 4a<br>410 Terry Avenue North | Seattle | WA | 98109 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | CA | Zip Code |

**5. Manager(s) or Member(s)**   If no managers have been appointed or elected, provide the name and address of each member. At least one name <u>and</u> address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Michael | | Deal | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 410 Terry Avenue North | Seattle | WA | 98109 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

CORPORATION – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA    AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| Fulfillment center and holding company |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The information contained herein, including any attachments, is true and correct.**

| 12/29/2021 | Michael Deal | Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)                Page 1 of 1                2017 California Secretary of State
www.sos.ca.gov/business/be

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLAINTIFF: Faymin Chen | |
| DEFENDANT: Amazon.com Services LLC et.al. | **Apr 10, 2023**<br>**Clerk of the Superior Court** |
| Short Title: CHEN VS. AMAZON.COM SERVICES LLC | |

| | |
|---|---|
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2023-01317819-CU-WT-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 09/11/2023 at 09:00:00 AM in Department C31 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CHEN VS. AMAZON.COM SERVICES LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2023-01317819-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/10/2023. Following standard court practice the mailing will occur at Sacramento, California on 04/11/2023.

Clerk of the Court, by: _____ , Deputy

CALDERONE LAW FIRM, APC
2321 ROSECRANS AVENUE # 1265
EL SEGUNDO, CA 90245

V3 1013a (June 2004)    Code of Civil Procedure , § CCP1013(a)